**KATHERINE G., A minor, By and Through Cynthia G. Her Guardian Ad Litem, Plaintiff—Appellant,**

v.

**KENTFIELD SCHOOL DISTRICT; Marin County Office of Education, Defendants—Appellees.**

Katherine G., A minor, By and Through Cynthia G. Her Guardian Ad Litem, Plaintiff—Appellee,

v.

Kentfield School District; Marin County Office of Education, Defendants—Appellants.

No. 03–15898, 03–15989.
D.C. No. CV–01–1344–SBA/MEJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Oct. 21, 2004.

Bob N. Varma, Varma & Clancy, Sacramento, CA, for Plaintiff–Appellant.

Jan E. Tomsky, Esq., Lozano Smith, San Rafael, CA, for Defendants–Appellees.

Before HALL, BRUNETTI, and GRABER, Circuit Judges.

## MEMORANDUM *

The parties appeal from the district court's order granting summary judgment to Plaintiff, in part, and Defendant, in part. Plaintiff Katherine G. challenges the district court's conclusion that Defendants Kentfield School District and Marin County Board of Education offered her a "free appropriate public education" ("FAPE"), 20 U.S.C. § 1412(a)(1)(A), under the Individuals with Disabilities Education Act ("IDEA"), *id.* §§ 1400–1487, for the 2000–2001 school year. Defendants, in turn, cross-appeal the district court's decision that they denied Plaintiff a FAPE for the 1999–2000 school year and the 2000 extended school year ("ESY").

### 1. *Appeal: 2000–2001 school year.*

▆ The placement offer for the 2000–2001 school year, which included a morning special day class and an afternoon inclusion experience in a regular-education kindergarten classroom, satisfied the "least restrictive environment" requirement of 20 U.S.C. § 1412(a)(5)(A). *See Sacramento City Unified Sch. Dist. v. Rachel H.,* 14 F.3d 1398, 1404 (9th Cir.1994) (adopting a four-part test to evaluate "mainstreaming" challenges). We need not decide whether the district court erred by holding that the first factor of the *Rachel H.* analysis "trumped" the other three factors because, after balancing all four factors ourselves, we agree with the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court's conclusion that the mainstreaming requirement was satisfied. Specifically, we conclude that although the second and third factors—nonacademic benefits and disruptiveness to the regular classroom—weighed in favor of a regular-education placement, they were not strong enough to overcome the fact that Plaintiff would have received no or minimal academic or educational benefit from a full-time regular classroom placement.

*2. Cross-appeal: 1999–2000 school year and 2000 ESY.*

■ We disagree with the district court's conclusion that, because Defendants did not offer Plaintiff an inclusion experience in a regular preschool setting during the 1999–2000 school year and the 2000 ESY, Defendants failed to satisfy the core substantive requirement of the IDEA. The IDEA requires only a " 'basic floor of opportunity' . . . consist[ing] of access to specialized instruction and related services which are individually designed to provide educational benefit to the handicapped child." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 201, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). Because states are not required to provide the "absolutely best or 'potential-maximizing' education," *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1314 (9th Cir.1987) (citing *Rowley*, 458 U.S. at 197 n. 21 & 200–01, 102 S.Ct. 3034), a supplemental inclusion experience was not required to satisfy the core substantive standard.

However, the IDEA's requirement that students with disabilities be educated in the least restrictive environment creates an additional, sometimes competing, substantive requirement. *See* 20 U.S.C. § 1412(a)(5)(A) ("To the maximum extent appropriate, children with disabilities . . . are [to be] educated with children who are not disabled . . . ."). We may affirm summary judgment on any ground supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.*, 371 F.3d 645, 649 (9th Cir.2004). Here, we affirm the hearing officer's conclusion that Plaintiff's placements for the 1999–2000 school year and the 2000 ESY did not offer an education in the least restrictive environment.

Although we decline to hold that placement with "less disabled" peers can *never* satisfy 20 U.S.C. § 1412(a)(5)(A), we agree with Plaintiff that interaction with "typically developing" students in the special day class was not the maximum extent to which mainstreaming was appropriate for Plaintiff. Defendants did not demonstrate that, with proper support to provide the structure she needed, Plaintiff could not have developed her skills in the areas of pragmatics and social skills in a regular preschool setting.

■ We will not disturb the hearing officer's award of partial reimbursement for the costs of Plaintiff's attendance at ABC Academy. The fact that ABC lacked an academic program and special education teachers does not persuade us that, at ABC, Plaintiff was unable to develop social and pragmatic skills relevant to a preschool education. Indeed, both the hearing officer and the district court concluded that Plaintiff *had* developed such skills at ABC.

Finally, the hearing officer apparently exercised his discretion not to reduce or deny reimbursement because of the failure of Plaintiff's parents to satisfy the notice requirement. *See* 34 C.F.R. § 300.403(d)(1)(i) and 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(aa) (providing that reimbursement *"may* be reduced or denied" for failure to inform the school district of an intent to reject the district's placement and enroll the child in private school (emphasis added)). Without some evidence that Defendants raised the issue

before the hearing officer and that the hearing officer declined to exercise his discretion, or did so improperly, we will not second-guess the decision.

AFFIRMED.